SUCCESSORS OF GÓMEZ & VEGA, Plaintiffs and Appellees, *v.* TIBURCIO MERCED, Defendant, and JOSÉ MERCED, Intervenor and Appellant.

No. 4086. Argued May 25, 1927.—Decided March 16, 1928.

*Carmelo Honoré* for the appellant. *Adrián Agosto* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

This is a case where at the hearing the issues seemed to be confused, although the judge of the court below had a simple conception of them and his opinion might be supported practically in its entirety. Gomez & Vega, Successors, sued Tiburcio Merced for provisions sold to him. To make its claim Gómez & Vega attached goods in a certain establishment. José Merced, brother of the defendant Ti-

burcio Merced, intervened, claiming the goods attached as his own. The court said that José Merced did not appear as a witness; that José Merced obtained certain licenses to sell provisions and cigars at 19 Puerto Arturo street; that from the proof it appeared that the goods attached were taken from a shop on Palma street, Santurce (the shop apparently was on a corner); that there Tiburcio Merced was established as a merchant and that José Merced was his employee; that there was another establishment which José was in charge of, but apparently it was open only a short while; that the owner of the building testified that he rented the shop to Tiburcio Merced; that the latter furnished the funds for fixing up the place and that Tiburcio was there often looking after the shop; that shortly before the attachment, as the plaintiff testified, the defendant Tiburcio Merced had purchased increased supplies from the plaintiff and that the merchandise in the shop came from Gómez & Vega and bore the stamp of the house; that at the moment of the attachment no protest was made by José and that there was no evidence that José Merced was the owner of the goods attached; that the marshal who would know something of the facts was not called as a witness. Therefore, the court concluded that the intervenor had not made out a case and that the mere fact that he had licenses in his name established no presumption. There was a judgment against the intervenor.

The appellant says that a certain part of his evidence destroyed the evidence of the plaintiff and therefore the court was in error. Citations of authorities are made that we are unable to follow. It is unquestionably true that an intervenor must proceed as he would have done in a collateral proceeding and that he may not interpose a defense personal to the defendant, but the question here was mainly one of fact. We agree with the court that there was no sufficient evidence at the trial to show that the property attached

belonged to the intervenor. The burden was on the said intervenor to show by a clear preponderance of the evidence that he had a title to the same. At no time did he show how or when he purchased the goods. The evidence of the intervenor showed that he had certain licenses and he produced witnesses, principally the defendant, who declared the ownership of the shop, but he did not prove the title to the goods. We do not find that the evidence was clear that José Merced was the owner of the shop where the goods were attached and there was sufficient evidence to the contrary. Even if José Merced was the owner of the shop, a fact not proved, such ownership only perhaps created a slight presumption in his favor, but, with the contravening evidence, he failed to prove his case by a preponderance of the evidence. The court was not mistaken in saying that the evidence of licenses in his name established no presumption in favor of José Merced. We have decided similarly in a case for the prosecution of adulterated milk where the defendant showed a license in the name of another person. *People* v. *Luccioni*, 29 P.R.R. 44.

Under the second assignment of error the appellant says that he was not obliged to produce the marshal, but the court had a right to comment on the absence of this testimony. Nor evidently did the court base its conclusion on this absence. The marshal, nevertheless, might have thrown some light on the identification of the goods, a fact not considered of great importance by the intervenor.

In his third assignment of error the appellant insists that to arrive at its judgment the court was bound to find that the intervenor was guilty of a fraud. The court did not make such a finding, but held that the intervenor had failed to make out a case.

While it was not necessary, we doubt if we should have disturbed the finding if the court had found that a fraud had been committed. It is a fact insisted upon by the appellant

himself that he never bought any goods of the plaintiff. The plaintiff sold merchandise to Tiburcio and the evidence showed that some, if not all, of the goods attached had proceeded from the shop of the plaintiff. The defendant and the intervenor are brothers and merchandise recently belonging to one is claimed by the other without any showing of a valuable consideration for the transfer. There was some evidence, too, that each of the brothers did business in the shop. The transaction had all the earmarks of a fraud, although perhaps it was not so and the court did not so find.

We have some idea, however, under the circumstances of this case where the relations of the brothers are so tangled, that José Merced would be estopped to deny that the goods belonged to his brother Tiburcio. None may so repudiate his own acts.

The judgment appealed from should be affirmed.

Mr. Justice Texidor took no part in the decision of this case.